HARRELL, J.,
concurring.
I concur in the judgment only. In my view, this case should be the vehicle by which this Court embraces what Judge Raker called for in her concurring opinion (which I joined) in State v. Thomas, 369 Md. 202, 217-19, 798 A.2d 566, 574-576 (2002) — expansion of the purpose and use of voir dire to aid in the intelligent exercise of peremptory challenges. The Court’s opinion in the present case declines explicitly (Maj. op. at 357 n. 1, 86 A.3d at 1236 n. 1) Pearson’s invitation to join the vast majority of states and all of the federal circuits, which follow the intelligent exercise approach.[1] As Pearson’s brief observes, only California (and, qualifiedly, Pennsylvania) remains as strict as Maryland in its limited use of voir dire solely in aid of discovering grounds for strikes for cause. See *371 Nancy S. Forster, Between A Rock and a Hard Place: Maryland Criminal Defendants, Already Subject to Severely Limited Voir Dire, Now Also Face the Prospect of Anonymous Juries, 40 U. Balt. L.F. 229, 245 & n. 119 (2010). The Majority opinion frets that it would be “imprudent for us to address this far-reaching issue without the benefit of study regarding the possible ramifications.” (Maj. op. at 357 n. 1, 86 A.3d at 1236 n. 1). I am more sanguine and energetic in my belief that the Court, without delay, should draw upon the experiences of the 48 states and the federal circuits that have gone before us to adopt a suitable format of the “intelligent use” approach in Pearson’s case. Although the Rules Committee is one way to address the issue, I, for one, am ready to “do it now” (borrowing former Governor Schaefer’s pet phrase).

. Although I prefer strongly to embrace in the Court's opinion in Pearson’s case the change I advocate, naturally I will not remain aloof from the process suggested by the Majority opinion (Maj. op. at 357 n. 1, 86 A.3d at 1236 n. 1) and Judge McDonald’s dissent that refers study of the ''intelligent use” principle to our Rules Committee and later consideration by the Court.